UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MARCUS CRUMBLE, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 2:04-cv-289 PS |
| | ) | |
| JOHN VANNATTA, | ) | |
| | ) | |
| Respondent | ) | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* petitioner, Marcus Crumble, an inmate at the Miami Correctional Facility ("MCF") in Westville, Indiana, was charged with being an habitual violator of prison rules and was demoted one credit class as a result. After only appealing to the facility head, Crumble filed a petition seeking relief under 28 U.S.C. §2254. In its response, the Attorney General of Indiana has submitted the administrative record which sets out the underlying procedures in this conduct adjustment board (CAB) proceeding. The petitioner filed an affidavit in support of his petition which the court construes as his traverse.

On March 22, 2004, a CAB hearing was held which found Crumble guilty of being an habitual offender. (Resp. Ex. D). Crumble's finding of guilt was based on staff reports and his conduct report history. The CAB then imposed a demotion in credit class from I to II. The sentence was upheld by the superintendent, but the administrative record indicates that Crumble never appealed to the final reviewing authority.

The respondent argues that Crumble is not entitled to a writ of habeas corpus because he failed to appeal to the final reviewing authority. They are correct. Crumble says that he did

exhaust his administrative remedies, but never received a response from the final reviewing authority. He claims to have mailed his appeal on June 2, 2004, seven days after he received the denial of his appeal to the facility head. There is however no record that the final appeal was ever filed. As a prerequisite to seeking relief under §2254, all available state remedies must be exhausted. *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). Because Crumble has not provided the Court with any objective evidence that he appealed the superintendent's decision, he has procedurally defaulted his claims in this court.

In any event, a review of his claims shows that they are without merit. To begin with, the loss of good time credit is a "liberty" interest protected by the Fourteenth Amendment to the Constitution, and it triggers the applicability of *Wolff v. McDonnell*, 418 U.S. 539 (1974) which requires that certain procedural steps be taken. Due process requires that Crumble be given: (1) advance written notice of the charges against him at least 24 hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073 (7th Cir. 1994) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974)).

Crumble claims that the State violated his constitutional rights in two ways. He first alleges that his rights were violated because the charge was not filed in a timely fashion, and second that the conduct report was served outside of the time frames allowed in violation of the Adult Disciplinary Procedures (ADP). However, relief in this action is only available from violations of the federal constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions under

2

the ADP do not state a claim for habeas relief and must be denied.  *Hester v. McBride*, 966 F.Supp. 765 (N.D. Ind. 1997). Therefore, Crumble's claims that the ADP was violated fail to state a claim.

## *CONCLUSION*

For all the reasons stated, and because it is clear that none of Crumble's constitutional rights have been violated, this petition for relief under 28 U.S.C. §2254 is **DENIED.**

**SO ORDERED.**

ENTERED: June 22, 2005

                                            S/ Philip P. Simon
                                            PHILIP P. SIMON, JUDGE
                                            UNITED STATES DISTRICT COURT